## RAWITZER *et al. v.* WYATT *et al.*

(*Circuit Court, S. D. California.* December 11, 1889.)

1. FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP.

Under the act of congress (25 St. U. S. 434) providing that, when an action is be-tween citizens of different states, it may be brought "in the district of the residence of the plaintiff or defendant," an action by a non-resident against a partnership, whose members are residents of different states and districts, may be brought in the district of the residence of one of them.

2. ABATEMENT—ANOTHER ACTION PENDING.

The facts that a partnership has become insolvent, and passed into the hands of a receiver appointed by a state court of another state, before the commencement of an action against it in the federal court of the district of the residence of one of its members, and that plaintiff's claim has been presented to the receiver, who still re-tains the partnership affairs in his hands unsettled, are no bar to the action.

At Law. On demurrer to plea.

*Rothchild & Ach* and *Brunson, Wilson & Lamme,* for plaintiffs.

*Dooner & Burdett,* for defendant Henry G. Newhall.

Ross, J. The plaintiffs, who are citizens of the state of Connecticut, bring this action against C. A. Wyatt, who is alleged to be a citizen and resident of the state of New York, and Henry G. Newhall, who is alleged to be a citizen and resident of the state of California and of this judicial district, and for cause of action aver, in substance, that at the times stated in the complaint the defendants were partners doing business un-der the firm name of C. A. Wyatt & Co., and that plaintiffs sold and delivered to defendants, at their instance and request, goods, wares, and merchandise of the value of $74,391.76, no part of which has been paid, although the whole thereof is due, and payment has been demanded. The defendant Newhall has appeared and filed a preliminary answer in abatement of the action, in which it is alleged that the obligation upon which the suit is brought was a copartnership obligation of the firm of C. A. Wyatt & Co., which firm was, prior to the bringing of the suit, insolvent, and had theretofore passed into the hands of a receiver ap-pointed by the supreme court of the state of New York; and that the demand sued on by the plaintiffs, verified by the plaintiff Lewis F. Rawitzer, was presented to the receiver for adjustment and that said co-partnership affairs are still unsettled, and in the hands of the said re-ceiver. The sufficiency of this plea is raised by a demurrer thereto filed by the plaintiffs. In neither the complaint nor the plea is it made to appear where the obligation arose.

The jurisdiction of this court is founded only on the fact that the ac-tion is between citizens of different states, and, that being so, the suit is authorized to be brought only "in the district of the residence of the plaintiff or defendant." 25 U. S. St. at Large, 434. It has been brought in the district of the residence of the defendant Newhall, and I think, by virtue of the statute referred to, rightly so. Since the defendants are citizens and residents of different states, and therefore of different dis-tricts, to hold otherwise would be, in effect, to hold that where there is

more than one defendant, and they are residents of different states, and of different districts, the suit can only be brought in the district of the residence of the plaintiff; which would, it seems to me, be contrary to the language and intent of the statute.

The fact that the firm of Wyatt & Co. had, prior to the commencement of the action, become insolvent, and had passed into the hands of a receiver appointed by the New York supreme court, is not a bar to the present suit. It is true that it is alleged in the plea that the demand sued on herein was presented by the plaintiffs to the receiver appointed by the New York court, and that the partnership affairs of Wyatt & Co. are still in the hands of the receiver there, and unsettled. But that circumstance does not alter the case. The pendency of a prior suit, in another jurisdiction, is not a bar to a subsequent suit in a circuit court, even though the two suits are for the same cause of action. *Stanton* v. *Embrey*, 93 U. S. 554, and authorities there cited. In this action the plaintiffs do not seek to subject the property in the hands of the receiver appointed by the New York state court to their claim, and, of course, could not do so if they did. · The sole object of the action here is to reduce the indebtedness to judgment. As said by Chief Justice WAITE in the somewhat analogous case of *Parsons* v. *Railroad Co.*, 1 Hughes, 279: "It will be time enough to consider how he [the plaintiff] can reach any portion of the property involved in the litigation pending in the state court, for the purpose of subjecting it to the payment of his judgment, when he attempts to do so."

As has been seen, while the plaintiffs have sued both of the joint obligors, service of process has only been, and could only be, had on one of them. This fact would be good ground for a plea in abatement, according to the principles of the common law; but the common-law rule in that regard has been changed by statute in this state,—section 414 of the Code of Civil Procedure of California providing that, "when the action is against two or more defendants, jointly or severally liable on a contract, and the summons is served on one or more, but not on all, of them, the plaintiff may proceed against the defendants served, in the same manner as if they were the only defendants." Demurrer sustained.