REJALL v. GREENHOOD et al.

(Circuit Court, D. Montana. November 6, 1893.)

No. 236.

1. COURTS—CONFLICT OF JURISDICTION—CREDITOR'S BILL.

A creditor's bill filed in a federal court alleged that one of the defendants therein had made an assignment, in which plaintiff was a preferred creditor, and that the other defendants, though having notice of this assignment, had taken possession of the property, and had converted a part of it. These defendants filed a plea alleging that they had sued in the state court to have the assignment set aside, as fraudulent, and that a receiver had been appointed in such suit. *Held*, that the pending of this suit was no bar to the bill in the federal court, especially as plaintiff was not a party in the state court.

2. SAME—RECEIVER OF STATE COURT.

The possession of the property by the receiver of the state court is no bar to the plaintiff's bill, as against those who instituted the suit in which the receiver was appointed.

3. SAME.

Such bill cannot be maintained against the receiver, however, without permission for that purpose first obtained from the state court.

4. EQUITY—PLEADING—OBJECTIONS TO BILL—ANSWER.

The objection that the bill cannot be maintained because it shows that plaintiff was given preference for an amount greater than that which was actually due him, and hence that the assignment was fraudulent, can only be raised by answer.

In Equity. Bill by Ernest Rejall against Greenhood, Bohm & Co., Max Kahn, L. H. Hershfield, Aaron Hershfield, Charles M. Jefferis, William Muth, and Merchants' National Bank.

George F. Shelton, for complainant.
McConnell, Clayberg & Gunn, for defendants.

KNOWLES, District Judge. This is a suit in equity brought by complainant for himself, and in behalf of all other creditors of Isaac Greenhood and Ferdinand Bohm. The bill sets forth that the complainant is a creditor of said Greenhood & Bohm; that on the 12th day of February, 1892, the said Greenhood & Bohm assigned all their property to Max Kahn for the benefit of their creditors; that complainant was made a preferred creditor, with others, to the sum of $45,000; that said Max Kahn accepted said trust, and entered upon the duties thereof, and took possession of all of said property; that the defendants the Merchants' National Bank, L. H. Hershfield, and Aaron Hershfield had notice of said assignment, and that on the 13th day of February, 1892, the said defendants, the Merchants' National Bank of Helena, L. H. Hershfield, Aaron Hershfield, and one Charles M. Jefferis, with force and arms, broke into the store building formerly occupied by the said Greenhood & Bohm, and which said store and building were in the actual possession of the said assignee at the time, and forcibly took possession, and seized all of the goods and chattels so assigned to said Max Kahn, and deprived him of the possession of the same; that subsequently said Merchants' National

Bank, L. H. & A. Hershfield, and Charles M. Jefferis caused one William Muth to be put in possession of said store and goods and assets; that said Muth has sold, from time to time, said goods, and collected a portion of said assets; that at the time of the said assignment to Max Kahn the value of the goods in the store of said assignee was $100,000, and the assets, consisting of accounts, notes, evidences of indebtedness, and the personal property, were of the value of $80,000; that said property was sufficient to pay all of the preferred creditors; that complainant was a preferred creditor, to the amount of $45,000; and that the amount actually due him was $42,033.83. The defendants put in several pleas to this action. The plea of L. H. Hershfield, Aaron Hershfield, and that of the Merchants' National Bank, is, in substance, as follows: (1) That Charles M. Jefferis was, and is now, the duly elected, qualified, and acting sheriff of the county of Lewis and Clarke, state of Montana. (2) That on the 13th day of February, 1892, an action was commenced in the district court of the first judicial district of the state of Montana, in and for Lewis and Clarke county, in which the Merchants' National Bank was plaintiff, and Isaac Greenhood and Ferdinand Bohm, partners, were defendants; that said action was prosecuted for the purpose of obtaining judgment against the said defendants Greenhood & Bohm for the sum of $20,000, together with interest thereon at the rate of 10 per cent. per annum from the 27th day of November, 1891, and for $13,000, with interest thereon at 1 per cent. per month from the 19th day of November, 1891, and for the sum of $1,000, with interest thereon from the 19th day of January, 1891, at 10 per cent. per annum, and for costs of suit; that said action was based upon several promissory notes in the sums and dates above named; that said property was taken possession of by said Jefferis, as sheriff, in an attachment proceeding auxiliary to said suits; that on the 8th day of April, 1892, judgment was rendered in said action in favor of the plaintiff in said action, the Merchants' National Bank, for the sum of $35,781.38; that subsequently, on the 21st day of April, 1892, an action was commenced in the district court of the first judicial district of the state of Montana, in and for the county of Lewis and Clarke, by the defendant the Merchants' National Bank, as a judgment creditor, to set aside the aforesaid assignment of Greenhood & Bohm to said Max Kahn, as a fraud upon creditors, which is still pending; that pending said action a receiver was appointed, namely, William Muth, to take charge of the property of said Greenhood & Bohm, by the above-named state court, and as such officer he took charge of the same, and has acted in regard to said property as such, under said order; and that said order is still in force, and the action in which it was made is still pending. The plea of the defendant Jefferis is substantially the same, as also that of the defendant Muth, who sets forth that he took possession of said property under the order of the district court of Montana in and for Lewis and Clarke county, and now holds the same as such receiver, and has no other interest

in such property, except as such officer of the court. This plea, for the purposes of this argument, must be taken as true.

The first point presented is that this suit cannot be maintained because the same subject-matter is involved in a suit in the district court of the first judicial district of Montana. This point is not well taken. The courts of Montana pertain to one government, and this court to another. It is a settled rule that a suit in a court in one sovereignty is no bar to a suit in another sovereignty, even when the parties are the same. There is no claim that the plaintiff, Rejall, is a party to the proceedings in the state court; but, if he is, it makes no difference. This view is fully sustained by the case of Gordon v. Gilfoil, 99 U. S. 168. Other federal authorities might be cited to the same effect, but this is controlling.

The second point is to the effect that, in a suit pending in the above court of the state of Montana, the property which is the subject of the action in this case is in the hands of a receiver appointed by said state court. It appears that the property, the subject-matter of the action, has passed out of the hands of said Jefferis, as sheriff, into the hands of a receiver. Courts of the federal government will not disturb the possession of property in the hands of a state officer, taken pursuant to a writ or order of the state court. But when there is no purpose to disturb this possession, or the officer has parted with the possession, of the same, there is no occasion for barring an action in a state court. In the case of Buck v. Colbath, 3 Wall. 335, it was held that when a United States marshal had levied upon certain property as that of the defendant in an action in a federal court by virtue of a writ of attachment, the action in a federal court was no bar to an action in the state court against the marshal by a person not a party to the action in which the writ of attachment issued, and claiming ownership of the property seized thereby, against the marshal, for trespass. In that case the court said:

"It is only while the property is in the possession of the court, either actually or constructively, that the court is bound or professes to protect that possession from other courts. Whenever the litigation is ended, or the possession of the officer or court is discharged, other courts are at liberty to deal with it according to the rights of the parties before them, whether their rights require them to take possession of the property or not."

In the attachment suit, judgment was obtained. Another suit began, in which a receiver was appointed, and the possession of the property taken by him. The defendant Jefferis no longer had possession of the property. But it is urged that, because the property is in the hands of a receiver, therefore this action cannot be maintained. This point was considered in the case of Hickox v. Elliott, 27 Fed. 830, usually called the "Holladay Case," and it was there held that the fact that the property in the hands of a receiver, concerning which the action was maintained in another suit, would not bar the action. And when we consider the reason of the rule which would forbid a court entertaining a suit for property in the custody of another court, namely, to prevent a conflict of

jurisdiction in regard to the same, for the possession thereof, we can understand that those who do not connect themselves with the actual custody of that property cannot ask that a suit which might involve the title to the same, but does not interfere with the custody thereof, should be barred.

As to the plea of the defendant William Muth, I think it must be sustained. He is the receiver of the property, made such by the state court. The suit in this case would involve a determination as to his right to that possession, and might ask him to account for the same. No permission was obtained of the state court to bring this suit. Under such a state of facts, it cannot be maintained. In the case of Barton v. Barbour, 104 U. S. 126, a suit was commenced against a receiver in a court of the District of Columbia. He had been appointed such receiver by a court of the state of Virginia. No permission to sue the receiver had been obtained from the court that appointed him. The supreme court held that the court in the District of Columbia had no jurisdiction to entertain the suit. Other authorities might be cited to the same effect.

In this case an argument was presented by Gov. Carpenter, attorney for defendants, to the effect that the bill of complaint showed upon its face that the plaintiff was not entitled to the relief demanded. There was no objection to the point being presented. The contention is that, as the bill shows that plaintiff was a preferred creditor, to the extent of $45,000, in the assignment made by Greenhood & Bohm to Max Kahn, and also that the said Greenhood & Bohm owed him but $42,035.83, it was void as to creditors; but, according to the allegations of the bill, the property assigned by said firm to said Kahn was of about the value of $180,000,—more than sufficient to pay all the preferred creditors. Who the other creditors not preferred are, does not appear, or how much was due them. If there was enough property to pay the preferred creditors, no fraud would be found as to them. The plaintiff seeks to present the point that the naming of the amount of the debt of plaintiff in the assignment as $45,000 was a mistake, with no intention of defrauding creditors. But there are no allegations in the bill which would warrant the court in ruling upon that point. Counsel for defendants contends that the point presented arises under a statute which originated in New York, and that there it has received a construction to the effect that, where an assignee prefers a creditor for a larger amount than his claim, it shall be deemed fraudulent as to creditors. I am satisfied that this rule, maintained by many decisions of the highest court of New York, is not a construction of a statute, but a rule of evidence. It is held by those courts that such facts are evidence sufficient to prove that the assignment was made with an intent to hinder, delay, and defraud creditors. After some reflection, I think facts are not presented in the bill which will allow me to properly rule upon this point; that the points sought to be presented should be raised by answer, and a reply thereto; hence, this objection to the bill is overruled.