SPERRY & HUTCHINSON CO. v. CITY OF TACOMA et al.

(Circuit Court, W. D. Washington, W. D. October 11, 1911.)

No. 1,841.

1. COURTS (§ 101*)—FEDERAL COURTS—SUIT TO ENJOIN ENFORCEMENT OF CITY ORDINANCE—"STATUTE."

A city ordinance is not a state statute, within the meaning of Act June 18, 1910, c. 309, § 17, 36 Stat. 557, requiring the presence of three judges for the hearing of an application for an interlocutory injunction restraining the enforcement of such a statute.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 101.*

For other definitions, see Words and Phrases, vol. 7, pp. 6647, 6648.]

2. LICENSES (§§ 7, 35*)—CONSTITUTIONALITY OF ORDINANCE—USE OF TRADING STAMPS.

The use of trading stamps in retail merchandising business is legitimate, and an ordinance imposing an excessive license fee on merchants using such stamps, with the evident purpose of preventing such use, is unconstitutional and void, and a complainant whose contract rights are injuriously affected thereby is entitled to an injunction to restrain its enforcement.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 7-15, 69; Dec. Dig. §§ 7, 35.*]

3. ABATEMENT AND REVIVAL (§ 12*)—PENDENCY OF ANOTHER ACTION—FEDERAL AND STATE COURTS.

A prior suit pending in a state court, in which the court has not taken into its possession any tangible property, is not ground for abating a subsequent and identical suit in a federal court.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 87-91, 94, 95-98; Dec. Dig. § 12.*

Pendency of action in state or federal court as ground for abatement of action in other, see notes to Bunker Hill & Sullivan M. & C. Co. v. Shoshone Mining Co., 47 C. C. A. 205; Barnsdall v. Waltemeyer, 73 C. C. A. 366.]

In Equity. Suit by the Sperry & Hutchinson Company against the City of Tacoma and others. On application for injunction pendente lite to restrain enforcement of a city ordinance exacting exorbitant license fees for using trading stamps. Injunction granted.

P. P. Carroll and Daniel J. Lyons, for complainant.
T. L. Stiles, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HANFORD, District Judge. The object of this suit is to obtain judicial protection of the right to carry on in the city of Tacoma the complainant's business as a merchant and supplier to other retail merchants of trading stamps, which right is menaced, as the bill of complaint avers, by the defendants, who threaten to exact payment of exorbitant license fees from each merchant using trading stamps, and by criminal prosecutions enforce an ordinance of the city which has been heretofore by this court decreed to be void, because it is an unwarranted deprivation of rights guaranteed by the Constitution of the United States. The bill of complaint avers that enforcement of the ordinance will effectually prevent patrons of the complainant from complying with their contracts for the purchase and use of trading stamps, and will cause a loss of revenue amounting to many thousands of dollars annually. The jurisdiction of this court to determine the controversy involved is grounded upon alleged diversity of citizenship of the parties. The case has been submitted to the court upon the complainant's application for an injunction pendente lite and the defendants' exceptions to the bill of complaint.

[1] It is the opinion of the court that the city ordinance which is attacked is not a statute of the state. Therefore the procedure is not controlled by the provision of the act of Congress of 1910 (36 Stat. 557) requiring the presence of three judges for the hearing of an application for an interlocutory injunction.

[2] It is also the opinion of the court that the use of trading stamps in retail merchandising business is legitimate, that the ordinance referred to is designed to prohibit such use and is void, for reasons given in the decision of the Supreme Court of this state in the case of Leonard v. Bassindale, 46 Wash. 301, 89 Pac. 879, and of this court in the case of Ex parte Hutchinson (C. C.) 137 Fed. 949, and that the showing made by the complainant is sufficient, prima facie, to entitle it to an injunction pendente lite. In opposition to that showing the defendants have filed a paper in the case, styled "Exceptions to the Bill of Complaint for Impertinence," and affidavits showing that there was at the time of the commencement of this suit and still is another suit, by this complainant against these same defendants, pending in a court of this state, which had and has complete jurisdiction thereof, and that the issues in that suit are identically the same as the issues tendered by the bill of complaint in this case. These are the only grounds of defense so far divulged.

The exceptions can only be considered as a motion to expunge designated parts of the bill, and, being so considered, the court grants the motion as to all of paragraph 18 and that part of 8 to which the exceptions refer, including the repealed ordinances attached to the bill and designated "Exhibit D," and said parts of the bill will be stricken. The other parts of the bill moved against are deemed to be germane to the case and allowable in pleading, and the exceptions thereto are overruled. After so pruning it, the bill is by the court held to be sufficient to entitle the complainant to the relief prayed for.

[3] The jurisdiction of the United States Circuit Courts, in civil suits and actions, is concurrent with the jurisdiction of the state courts,

and the general rule is well settled that a prior suit pending in a state court is no ground for abating a subsequent and identical suit in a federal court. Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; Rawitzer v. Wyatt (C. C.) 40 Fed. 609. This rule applies, even though the prior suit is pending in a state court within the territory over which the federal court in question also exercises jurisdiction. 3 Am. & Eng. Enc. of L. and Pr. 1233; Gordon v. Gilfoil, 99 U. S. 168, 25 L. Ed. 383; Standley v. Roberts, 59 Fed. 836, 8 C. C. A. 305; Rejall v. Greenhood (C. C.) 60 Fed. 784.

The rule of comity, founded on necessity, forbids interference by one court with property in the custody of another court of co-ordinate authority, and by this rule a United States Circuit Court will not disturb the possession of property in the legal custody of a state court, nor permit its legal custody of property to be disturbed by a seizure under process from a state court. Shields v. Coleman, 157 U. S. 168, 15 Sup. Ct. 570, 39 L. Ed. 660; Rio Grande R. Co. v. Gomila, 132 U. S. 478, 10 Sup. Ct. 155, 33 L. Ed. 400.

This rule of comity is often mentioned in law books as an exception to the general rule of concurrent jurisdiction above stated, but it is rather a limitation of the extent of concurrent jurisdiction than an exception. It is a necessary limitation, because two independent courts cannot have manual possession of tangible property at the same time. That limitation does not affect the question of jurisdiction in this case, because this court is not asked to assume any authority with respect to property in legal custody.

I am fully satisfied that the court has jurisdiction, and that it should be exercised by granting the injunction prayed for; and it will be so ordered.