## CASE v. MOUNTAIN TIMBER CO.

(District Court, W. D. Washington, S. D. February 2, 1914.)

### No. 1131.

1. JUDGMENT (§ 828*)—RES JUDICATA.

A judgment entered in a suit between the same parties and involving the same controversy, in a state court having jurisdiction of the parties and subject-matter, is res judicata of a similar suit in a federal court, though the suit in the state court was instituted subsequent to the action in the federal court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*]

2. APPEARANCE (§ 24*)—GENERAL APPEARANCE—EFFECT OF SERVICE.

Where defendant, summoned by publication, appeared generally and moved the court to require plaintiff to make the complaint more definite and certain, such appearance waived any objection to the service.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 118–143; Dec. Dig. § 24.*]

At Law. Action by Willard Case against the Mountain Timber Company. Judgment for defendant.

Miller, Crass & Wilkinson, of Vancouver, Wash., and Fletcher & Evans, of Tacoma, Wash., for plaintiff.

The following authorities are relied upon by plaintiff: Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399; Prout v. Starr, 188 U. S. 537, 23 Sup. Ct. 398, 47 L. Ed. 584; Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897; So. Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Buck v. Calbath, 3 Wall. 334, 18 L. Ed. 257; Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287; Ex parte Crouch, 112 U. S. 178, 5 Sup. Ct. 96, 28 L. Ed. 690.

E. C. Strode, of Lincoln, Neb., Imus & Gore, of Kalama, Wash., and Coy Burnett, of Portland, Or., for defendant.

The following authorities are relied upon by defendant: Merritt v. American Steel-Barge Co., 79 Fed. 228, 234, 24 C. C. A. 530; Powers v. Blue Grass, etc. (C. C.) 86 Fed. 708; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; Sperry & Hutchinson Co. v. Tacoma (C. C.) 190 Fed. 682; Id. (D. C.) 199 Fed. 853; Ball v. Tompkins (C. C.) 41 Fed. 486, 490; Rodgers v. Pitt (C. C.) 96 Fed. 675; Fountain v. 624 Pieces of Timber (D. C.) 140 Fed. 381; No. Carolina, etc., v. Westfeldt (C. C.) 151 Fed. 294; Guardian Trust Co. v. K. C. So. Ry. Co., 146 Fed. 340, 76 C. C. A. 615; Louisville, etc., v. Knott, 130 Fed. 826, 65 C. C. A. 158; Guaranty, etc., v. No. Chicago St. Ry. Co., 130 Fed. 807, 65 C. C. A. 65; Baltimore & O. R. Co. v. Wabash Ry., 119 Fed. 680, 57 C. C. A. 322; Hubinger v. Central Trust Co., 94 Fed. 790, 36 C. C. A. 494; Ahlhauser v. Butler (C. C.) 50 Fed. 708; Heidritter v. Elizabeth

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Oilcloth Co., 112 U. S. 294, 5 Sup. Ct. 135, 28 L. Ed. 729; Spencer v. Wolfe, 49 Neb. 8, 67 N. W. 858; Merchants' Sav. Bk. v. Noll, 50 Neb. 615, 70 N. W. 247; State ex rel. v. Smith, 57 Neb. 41, 77 N. W. 384; M. P. R. R. Co. v. Fox, 56 Neb. 746, 77 N. W. 130; Ragan v. Morrill, 43 Neb. 361, 61 N. W. 590; Omaha Loan & Trust Co. v. Knight, 50 Neb. 342, 69 N. W. 933; Stelling v. Peddicord, 78 Neb. 779, 111 N. W. 793; Shabata v. Johnston, 53 Neb. 12, 73 N. W. 278; Texas & Pac. R. R. v. Saunders, 151 U. S. 105, 14 Sup. Ct. 257, 38 L. Ed. 90; St. Louis & San F. R. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; Henderson v. Carbondale Coal & Coke Co., 140 U. S. 25, 11 Sup. Ct. 691, 35 L. Ed. 332; Edgell et al. v. Felder, 84 Fed. 69, 28 C. C. A. 382; Hupfeld v. Automaton, etc. (C. C.) 66 Fed. 788; Lowry v. Tile, etc. (C. C.) 98 Fed. 817; Briggs v. Stroud (C. C.) 58 Fed. 717; President, etc., v. Merritt (C. C.) 59 Fed. 6; Mills v. Duryee, 7 Cranch, 481, 3 L. Ed. 411.

CUSHMAN, District Judge. This matter was, so far as the issues made by defendant in its separate answer and the reply and answer of the plaintiff thereto are concerned, tried to the court upon written stipulation, without a jury.

[1] The defense set up is that of res adjudicata; that plaintiff is barred and estopped from further urging his cause of action, as set out in his complaint, because he was heard thereon in the district court of Douglas country, Neb., in a cause in which both the plaintiff and defendant here were parties, which cause was entitled "Robert J. Tate and Robert Y. Appleby, Plaintiffs, v. Mountain Timber Co., a Corporation, Robert Z. Drake, Harry D. Miller, and Willard Case, Defendants"; and that said cause was therein determined by the court, adversely to the plaintiff here.

Under the evidence introduced, this defense must prevail. Although the suit in this court was begun before that in the district court of Douglas county, yet, as in this court only a money judgment was asked and the exercise of jurisdiction over any res in such controversy was not sought, the nature of the relief sought being such as to make it appear that it would probably not be necessary to exercise exclusive jurisdiction over any res, it is clear that, decree and judgment having been first rendered by the district court of Douglas county, a court of general jurisdiction, in a cause involving the same issues, such decree is binding here and must be accorded full credit and effect, providing that court had jurisdiction of the person of the defendant and the subject-matter of the suit. Sperry-Hutchinson Co. v. City of Tacoma (C. C.) 190 Fed. 682; Id. (D. C.) 199 Fed. 853; Powers v. Blue Grass B. & L. Ass'n (C. C.) 86 Fed. 705, 708.

[2] No question is made but that the district court of Douglas county had jurisdiction of the subject-matter, but it is contended that it was without jurisdiction of the person of Willard Case, defendant there, plaintiff here. After publication of summons in the district court of Douglas county (which would not have conferred jurisdiction to determine the controversy arising in this court), the defendant there (Willard Case) appeared and moved the court that the complaint against

him be made more definite and certain. The appearance made by him for that purpose was general, and by this course, in invoking the court's power and jurisdiction, he must be held to have submitted himself to the jurisdiction of that court and to have waived any objection thereto, and that objection by him, thereafter made to the jurisdiction, came too late, and the court's decree, thereafter rendered, concludes him, unless such decree is set aside upon appeal or other regular proceeding in courts established for its review.