## HARTFORD ACCIDENT & INDEMNITY CO. OF HARTFORD v. SOUTHERN PAC. CO. et al.

(Circuit Court of Appeals. Fifth Circuit. January 6, 1925.)

No. 4295.

1. **Shipping ☞209(1)—Denial of limitation of shipowner's liability held not to release surety on stipulation.**

Denial of limitation of shipowner's liability under Rev. St. § 4284, as amended by Act Feb. 21, 1877 (Comp. St. § 8022), and section 4285 (Comp. St. § 8023), and admiralty rules 51–53, does not release what has been brought into court by shipowner to be subjected to claims allowed, or convert proceeding into one purely in personam; hence liability of surety on stipulation was not released by such denial.

2. **Shipping ☞209(1)—Stipulation for value given by shipowner seeking limitation of liability is substitute for vessel and freight.**

Stipulation for value given under admiralty rule 51, by shipowner seeking limitation of liability, is substitute for vessel and its freight.

3. **Shipping ☞209(1)—Claimants may waive appraisement and treat ad interim stipulation as substitute for vessel and freight.**

Where shipowner, petitioning for limitation of liability, filed an ad interim stipulation as to value of his interest, claimants could waive an appraisement, acquiesce in shipowner's statement of values of vessel and freight, and treat the ad interim stipulation as a substitute for the vessel and freight, and where they did, there was no error in ordering amount stipulated paid into court for application on allowed claims.

Appeal from District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Judge.

Petition by owner of tank barge Bolikow for limitation of liability. From so much of the decree denying petition and sustaining claims of the Southern Pacific Company and others, in whole or in part, and requiring the Hartford Accident & Indemnity Company of Hartford, as surety, to pay into court the amount stated in an ad interim stipulation for value of vessel and freight, such surety appeals. Affirmed.

John Neethe, of Galveston, Tex. (Williams, Neethe & Williams, of Galveston, Tex., on the brief), for appellant.

W. T. Armstrong and W. E. Cranford, both of Galveston, Tex. (Burlingham, Veeder, Master & Feary, of New York City, and Terry, Cavin & Mills, of Galveston, Tex., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and CLAYTON, District Judge.

WALKER, Circuit Judge. The owner of the oil tank barge Bolikow filed its petition for a limitation of its liability in respect of claims arising out of an alleged explosion on and burning of that barge. That petition contained prayers to the following effect: That the court will cause due appraisement to be made of the amount of the value of petitioner's interest in said barge after said explosion, and at the time of the cessation of the burning of said barge, as the result of said explosion, and make an order for the payment of such amount into court, "and granting leave to the petitioner to file an ad interim stipulation pending the appraisal of the petitioner's said interest in said barge Bolikow and her pending freight, if any"; that the court will issue a monition to all persons having claims for loss or damage caused by said explosion and burning to present and make proof of their claims in the proceeding instituted by the filing of said petition; and that the court issue an injunction restraining the commencement or prosecution, except in this proceeding, of any suit or action by the claimant named in the petition, or any other person or persons who may have or claim to have any cause or causes of action against said barge or its owners, arising out of said explosion or burning.

Upon the presentation of the petition, accompanied by an affidavit showing that the value of the burned hulk of said barge, which was all of the barge or its cargo that was saved or salved after such explosion and burning, was the sum of $250, and that the freight on said barge pending at the time of said disaster did not exceed the sum of $11,076.85, the court made the following order:

"Ordered, that the petitioner file herein an ad interim stipulation for the value of said barge Bolikow, her tackle, apparel, equipment, etc., with the maximum possible amount of the pending freight at the termination of the said fire on said barge Bolikow and of the said voyage on which said barge Bolikow was engaged at the time of the said disaster, in the sum of $11,326.85, with interest from the said 23d day of December, 1920, the date of the aforesaid explosion, with surety according to the rules and practice of this court; and it is further ordered, that any party may apply to have the amount of the stipulation so increased or diminished, as the case may be, on report of the commission appointed to appraise the amount of the petitioner's interest in the said barge Bolikow and her pending freight, if any, or on the ultimate

determination of the court and exceptions to the commissioner's report."

Pursuant to that order the petitioner and the appellant, as surety, executed an ad interim stipulation, which, following the recital of the making of that order, contained the following:

"Now, therefore, the petitioner, said National Oil Transport Company, as principal, and Hartford Accident & Indemnity Company, as surety, in consideration of the premises and for other good and valuable considerations, undertake in the sum of $11,326.85, with 6 per cent. interest thereon from December 23, 1920, that the said National Oil Transport Company, petitioner herein, will file a bond or stipulation in the said proceeding for, the limitation of its liability as owner of the said barge Bolikow, executed in due form of law for the value of the petitioner's interest in the said barge Bolikow and her pending freight, with 6 per cent. interest thereon from December 23, 1920, within 10 days after such values shall have been determined by appropriate proceedings in the said court, and order fixing such value shall have been entered herein, and pending the filing of such bond or stipulation as aforesaid this undertaking shall stand as security for all claims in the said limitation proceeding."

After the filing of that instrument the court made an order which granted the above-mentioned prayers of the petition as to the issuance of a monition and of an injunction. Thereafter, without any further action being applied for or taken by the court with reference to fixing the value of the barge or its pending freight, the cause proceeded to a final decree, which denied the petition for limitation of liability, and sustained, in whole or in part, claims asserted in that proceeding. That decree contained the following:

"And it further appearing to the court that neither the petitioner, nor its stipulator, nor any other party or interest, has moved for or caused any reappraisal or appraisal of the petitioner's interest in said barge and her pending freight, or either of them, or caused any order to be entered by, the court fixing such value, except as was done by the approval and filing of said ad interim stipulation as aforesaid and the issuance and publication of a monition thereon as aforesaid, and it further appearing to the court that no bond for value, other than said ad interim stipulation, has been filed herein by the petitioner, and it appearing from the evidence introduced on the trial

hereof, and the court here and now finding that the value of petitioner's interest in said barge at the termination of her voyage is $250, and that the value of the petitioner's interest in the pending freight of said barge at the termination of said voyage is $11,076.85, and that the total value of said petitioner's interest in said barge and her pending freight at the termination of her said voyage is $11,326.85, it is therefore ordered and decreed that, unless this decree be satisfied or an appeal be taken therefrom within the time limited by law and the rules and practice of this court, the stipulator for value will cause the said petitioner to pay into court the sum of $11,326.85, the amount of the value of the petitioner's interest in the said barge and her pending freight at the termination of her said voyage, with 6 per cent. interest from December 23, 1920, to be applied in payment of the costs of court, the remainder to be prorated among the respective claimant respondents in proportion to the amounts of the decrees entered in their favor herein, or show cause why execution should not issue therefor, against goods, chattels, and lands of the stipulator for value."

The appellant, the surety in the above-mentioned ad interim stipulation, complains of the action of the court to the effect of requiring the appellant to pay into court the amount stated in that stipulation, with interest thereon, such amount to be applied to the payment of costs, the remainder to be prorated among the respective claimants in proportion to the amounts adjudged in their favor. In behalf of the appellant it is contended that the surety on a bond or stipulation in a proceeding for limitation of liability becomes liable only in the event limitation of liability is granted, and when that relief is denied, the bond or stipulation ceases to be effective; that, upon a denial of a limitation of liability, there ceases to be a res in court, and the proceeding ceases to be one in rem, and becomes a proceeding in personam by claimants against the shipowner; the jurisdiction of the court thereafter being limited to the enforcement of asserted claims in personam against the shipowner.

[1] The provisions of the statute and of the admiralty rules in reference to a limitation of liability proceeding do not disclose the existence of an intention to give to a denial of the shipowner's asserted claim to a limitation of his liability the effect of a release of what has been brought into court by the shipowner to be subjected to claims

allowed, or of converting the proceeding into one purely in personam against the shipowner for the enforcement of such claims. The statute (R. S. § 4285 [Comp. St. § 8023]) provides for a transfer by the shipowner claiming a limitation of his liability of "his interest in such vessel and freight, for the benefit of such claimants, to a trustee, to be appointed by any court of competent jurisdiction, to act as such trustee for the person who may prove to be legally entitled thereto." The language of the quoted provision by no means indicates that it was contemplated that the transfer provided for should be subject to the condition that it would cease to be effective upon a denial of the transferror's asserted right to have what is transferred held to be solely and exclusively liable for the demands of the claimants for whose benefit the transfer is made. The language of the provision indicates that what was intended was an absolute and unconditional transfer by the shipowner of "his interest in such vessel and freight, for the benefit of such claimants." The transfer has the effect of an abandonment by the shipowner of the things transferred, with the result of making those things subject to be applied on the shipowner's liabilities—to the claims against the ship or its owner which may be asserted in the proceeding. The City of Norwich, 118 U. S. 460, 503, 506, 6 S. Ct. 1150, 30 L. Ed. 134. An effect of the statute is to make a shipowner's right to claim, in a proceeding in which claims against the ship or its owner are required to be asserted, the benefit of the provided-for limitation of his liability, dependent upon a surrender by him for the benefit of the claimants of "the whole value of the vessel, and her freight for the voyage." R. S. § 4284, as amended February 27, 1877, 19 Stat. 251 (Comp. St. § 8022); O'Brien v. Miller, 168 U. S. 287, 303, 18 S. Ct. 140, 42 L. Ed. 469; The Great Western, 118 U. S. 520, 6 S. Ct. 1172, 30 L. Ed. 156.

The admiralty rules (51, 52, 53) governing such a proceeding provide for the giving of a stipulation with sufficient sureties or an approved corporate surety for the payment into court of the amount of the appraised value of the shipowner's interest in the vessel and its pending freight, with interest; for requiring the assertion in that proceeding of all claims based on the matters as to which the shipowner claims a limitation of his liability; for the application on allowed claims of the balance, left after paying costs and expenses, of the

money paid or ordered to be paid into court; for the contest by the shipowner of his or his ship's liability on claims asserted; and for the contest by claimants of the asserted right of the shipowner either to an exemption from liability or to a limitation of his liability under the statute. The provisions with reference to such a proceeding show that a denial therein of the shipowner's asserted right to a limitation of his liability was contemplated. Those provisions indicate the absence of any intention to give to such a denial the effect of dispensing with a compliance with the unconditional requirement as to subjecting to allowed claims moneys paid or ordered to be paid into court as aforesaid. The institution of such a proceeding involves an admission by the shipowner that, if he is liable on claims required to be asserted therein, what he brings into court is subject to that liability, whether the shipowner's asserted right to a limitation of his liability does or does not exist.

As to claimants coming into the proceeding in response to the monition, a purpose of the proceeding is to subject property in the custody of the court. We are not of opinion that the failure of a shipowner to sustain his contention that what he brings into court is solely and exclusively liable to claims required to be asserted in the proceeding can properly be given the effect of changing the nature of the proceeding, so far as it is one for the enforcement of such claims, or of ousting the court's jurisdiction to subject to allowed claims what was surrendered to the court by the shipowner for the purpose of being subjected to those claims.

[2, 3] A stipulation for value given pursuant to Admiralty Rule 51 is a substitute for the vessel and its freight. In re Morrison, 147 U. S. 14, 13 S. Ct. 246, 37 L. Ed. 60. The order of the court under which the above-mentioned ad interim stipulation was given entitled any party to the cause to hold the appellant responsible for a strict compliance with the provision of the rule as to a stipulation for the appraised value of the vessel and its freight. It was open to the parties to the cause other than the shipowner to waive an appraisement, to acquiesce in the shipowner's statement as to the values of the vessel and its freight, and to treat the ad interim stipulation as a substitute for the vessel and its freight. The requirement of the decree that the appellant, the stipulator for value, cause its principal to pay into court the amount stated in the stipulation, with interest, was no

more than the equivalent of what that instrument required. The same result would have been accomplished by requiring the filing of a bond or stipulation for the same amount, in strict compliance with the terms of the stipulation. What the court did in that regard amounted to the enforcement of security given and acquiesced in for the payment into court of the unquestioned amount of the value of the vessel and its freight, with interest on that sum. The instrument which the appellant signed as surety had the effect of obligating it to bring about that result.

It follows that the decree did not involve error prejudicial to the appellant. That decree is affirmed.