**Petition of NAVIGAZIONE LIBERA TRIESTINA S. A.**

**THE SALVORE.**

District Court, E. D. New York. July 16, 1929.

No. 11354.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (John L. Galey, of New York City, of counsel), for petitioner.

Single & Single, of New York City (Carroll Single, of New York City, of counsel), for claimants.

GALSTON, District Judge. This is a motion by the claimants for an order seeking varied relief. The claimants, United States Steel Products Company, the Vacuum Oil Company, and the Bunge North American Grain Corporation, apply to have the petitioner discontinue certain alleged actions or suits instituted by the petitioner in Genoa, Italy, on matters alleged to be involved herein; or in the alternative for an order dismissing the petition for limitation of and exoneration from liability. They seek likewise to have the petition made more definite and certain as to all suits pending relating to the voyage in question.

On behalf of all the claimants, the motion is for an order to set the case for Oc-

tober trial, and to permit evidence and depositions de bene esse taken in the actions stayed in the limitation proceeding to be used in the limitation proceeding.

The litigation was commenced by a libel in personam, filed on December 13, 1926. The respondent not being found by the marshal, its steamer Brenta II was seized on December 27, 1926.

There then followed some negotiation in respect to the terms of a stipulation between the proctors for the respective parties, which was to embody at the request of the respondent the substitution of its steamer Savoia for the Brenta II under the marshal's' attachment, which eventuated in the making of the stipulation, Exhibit A, attached to the moving papers. The significant paragraph of that stipulation on which the claimants rely to support the present motion is the following: "It is further stipulated and agreed that the respondent foregoes and waives any and all claims for damages against the proctors for the libelant as to the Steamships Brenta II and Savoia and against the United States Steel Products Company, Vacuum Oil Company, S. A. I., and Bunge North American Grain Corporation, as to the Brenta II, by reason of or in connection with the seizure and attachment of the Brenta II and Savoia."

This stipulation was signed by Loomis & Roebush, "Proctors for Navigazione Libera Triestina Societa Anonima," and Forrest E. Single, "Proctor for Libelants." Subsequently the Brenta II was released and sailed, and the Savoia was attached.

Thereafter Burlingham, Veeder, Masten & Fearey, Esquires, appeared as proctors for the steamship company, a release bond was filed, and the Savoia was released by the marshal.

The grievance of the claimants is that despite the stipulation of December 31, 1926, the pertinent paragraph of which is quoted above, the respondent began an action on August 20, 1927, before the Civil and Penal Court of Genoa, against the claimants, Vacuum Oil Company, United Steel Products Company, and Bunge North American Grain Corporation, for damages resulting from the alleged illegal attachment of the steamers Brenta II and Savoia. Incidental relief is sought in that action to the end that the claims presented against the steamship company be deemed to be without foundation, and that it be held that the steamship company is free from obligation to the claimants.

In April of this year the present limitation of liability proceeding was begun.

■ Are the claimants entitled to an order staying the cause alleged to have been brought by the respondent in the courts of Italy, or, in the alternative, for an order staying or dismissing the limitation proceedings herein?

As authority for their contention the claimants rely upon the decision of Mr. Chief Justice Taft in Hartford Accident & Indemnity Co. v. Southern Pac. Co., 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612, 1927 A. M. C. 402, affirming (C. C. A.) 3 F. (2d) 923, 1925 A. M. C. 833. That case, however, does not have a bearing on the facts before us, for it certainly does not hold that a foreign suit can be stayed by order of our courts; nor does it hold that parties to a pending cause are before the court for all purposes. Obviously the limitation is that the appearance of parties is for the purposes of the particular proceeding. Nor does the Hartford Accident & Indemnity Co. v. Southern Pac. Co. case hold that a party before the court can be enjoined from bringing an action on the same facts in a foreign jurisdiction.

On the other hand, there are many cases which hold that a foreign suit between the same parties, on the same facts and demanding the same relief, affords no grounds for the stay of a suit pending in the United States. See Mutual Life Insurance Co. v. Brune's Assignee, 96 U. S. 588, 592, 24 L. Ed. 737; Stanton v. Embry, 93 U. S. 548, 554, 23 L. Ed. 983; Radford v. Folsom (C. C.) 14 F. 97, 98; Groom v. Mortimer Land Co., 192 F. 849, 851 (C. C. A. 5th Circuit), certiorari denied 225 U. S. 700, 32 S. Ct. 835, 56 L. Ed. 1264; The Tubal Cain, 9 F. 834, 837 (D. C. of N. Y.); McClellan v. Garland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; Merritt v. American Steel-Barge Co. (C. C. A.) 79 F. 228; Rawitzer v. Wyatt (C. C.) 40 F. 609; Briggs v. Stroud (C. C.) 58 F. 717; Wadleigh v. Veazie, 3 Sumn. 165, 28 Fed. Cas. No. 17031; Loring v. Marsh, 2 Cliff. 311, 15 Fed. Cas. No. 8514.

The inference to be drawn from these cases is that the parties to a litigation have a right, within jurisdictional limitations, of course, to seek such forum as they may choose.

■ Since a stay of the Italian proceedings, if the foregoing view is correct, cannot be ordered, shall the alternative relief sought by the claimants be granted? Claimants ask for a dismissal of the petition for limitation. Assuming that the respondent or petitioner violated the terms of its stipulation, can this court punish the petitioner by dismissing its limitation proceeding?

The affidavit of Carroll Single, in respect to Exhibit A, states: "Thereafter, on December 31st, this stipulation was duly made an order of this Court. This order clearly provides that no claim shall be made against the three companies in question, (even were we to assume that there was any right before, which was clearly not the case)."

Mr. Single is in error in thus interpreting the order of the court referred to. That order read as follows:

"On reading and filing the annexed stipulation, it is

"Ordered, that under the process in personam, issued out of this Court, the Marshal seize and take into his custody the steamship Savoia; and it is

"Further ordered that the Marshal thereafter release the Steamship Brenta II from the attachment, whereunder she is now held on payment of his charges."

Thus there is nothing said in the order whatsoever which provides "that no claim shall be made against the three companies in question." In other words, the stipulation, while affording the basis for the order, cannot be interpreted as being part of the order.

Congress has given the petitioner a statutory right. It is not within the power of the court to read into that statute punitive measures, such as the claimants herein seek to impose upon the petitioner.

One may reasonably inquire, if, as the claimants contend, and as doubtless appears, the petitioner has violated the terms of the stipulation, is the court to be permitted to mete out any punishment it may deem fitting in the premises? For example, could it be argued that the court has the power, by reason of this breach of the stipulation by the respondent, the petitioner, to enter forthwith an interlocutory decree in behalf of the libelants in the libel suits? Obviously not. At most, the stipulation is a matter of defense in the Italian suit, or in any other suit which the respondent may bring in violation of its terms.

The claimants seek also to have the petition made more definite and certain, to the end that all suits pending on the matters named in the petition and all suits pending relating to the voyage be fully set forth.

Rule 31 of the Admiralty Rules of this court would not require the petitioner to set forth such information as is sought.

Request is made that this case be set down for trial for a day certain in October, 1929. The rules of this court do not provide for any such preference.

Finally as to the evidence and depositions de bene esse heretofore taken in the actions stayed in the limitation proceeding, together with the exhibits, it seems entirely fair that they should be used with the same force and effect as if the same evidence and depositions were originally taken in this proceeding; but, on the facts shown in the affidavit of John L. Galey, leave should be given the petitioner for further cross-examination of the witness Guerello, either orally or by written permission, with respect to the issues presented by the petition.

Accordingly, the motion is in all respects denied save as to the right to use the evidence and depositions taken de bene esse in the actions stayed, except as has been indicated with respect to the witness Guerello.

Proctors for the claimants have submitted a form of order as to such testimony; but I find no proposed order from proctors for the petitioner. The better practice is for one order to embrace all of the matters referred to herein.

Settle order on notice.