**J. RAY McDERMOTT & COMPANY, Inc.,**
**Appellant,**

v.

**HUNT OIL COMPANY and Arkansas Fuel Oil Corporation, Appellees.**

No. 17264.

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1959.

Warren M. Faris, New Orleans, La., for appellant.

Leon Sarpy, New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, and CAMERON and WISDOM, Circuit Judges

HUTCHESON, Chief Judge.

This is not the first time that the questions presented for decision by this appeal have been before the court. When the matter was here before [1] it was on a petition for leave to file a petition for mandamus. This court in effect recognizing without deciding that the order under attack was an appealable order, denied the leave "without prejudice to the right of the applicant to renew it if and when it has without avail sought relief by appeal." The matter is now here, properly we think, on appeal.

What was begun, by an ordinary petition for exoneration from, or limitation of, liability, 46 U.S.C.A. § 183, and was continued as such, with the order of the court for monition and restraining order, the motion of Hunt Oil Co. and Arkansas Fuel Oil Corporation to recall, rescind,

---

1. In re J. Ray McDermott & Co., 5 Cir., 254 F.2d 390.

and dismiss the order as to them, on the ground that the claim they advance results from a breach of a personal contract between the parties in the failure to perform a repair job to an oil well in a workmanlike manner and hence is not subject to limitation, and the order of the district court granting the motion, has now been blown up by the brief of appellees into a cause celebre by the attempt to advance for the first time here the claim that the court was without jurisdiction because the subject matter of the suit was not of a maritime nature and, therefore, not within the admiralty jurisdiction.

We think that the attempt must fail because it is not only quite plain that the district judge did not decide the case on the question of jurisdiction but on the question of whether the case was one for limitation of liability, but equally plain; that the case presented was within the admiralty jurisdiction; that the act of the court in attempting at this point to decide the question of limitation, was premature; and that it must await the hearing of the case when all questions, including the question of limitation must be decided. Our reasons for so thinking may be briefly stated.

The Supreme Court, in the landmark case of Hartford Accident & Indemnity Co. of Hartford v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612, a limitation case which had been tried in the Southern District of Texas and appealed to and affirmed by this court, 3 F.2d 923, considering the contention of the petitioner that jurisdiction was dependent upon the granting of limitation, authoritatively held to the contrary. Affirming that the statutes invoked in his proceeding have been uniformly given a construction to effect their great object, the court went on to say, 273 U.S. at pages 214, 215, 47 S.Ct. at page 358:

"* * * that such a proceeding is entirely within the constitutional grant of power to Congress to establish courts of admiralty and maritime jurisdiction, (Norwich & New York Transp. Co. v. Wright, 13 Wall. 104, 20 L.Ed. 585); that to effect the purpose of the statute, Admiralty Rules * * * were adopted, by which the owner may institute a proceeding in a United States District Court in admiralty against one claiming damages for the loss, in which he may deny any liability for himself or his vessel, but may ask that if the vessel is found at fault his liability as owner shall be limited to the value of the vessel, as appraised after the occurrence of the loss, and the pending freight for the voyage; * * * that all others having similar claims against the vessel and the owner may be brought into concourse in the proceeding, by monition, and enjoined from suing the owner and vessel on such claims in any other court; that the proceeding is equitable in its nature, and is to be likened to a bill to enjoin multiplicity of suits, * * *."

Then, citing cases, it continued:

"It is quite evident from these cases that this Court has by its rules and decisions given the statute a very broad and equitable construction for the purpose of carrying out its purpose and for facilitating a settlement of the whole controversy over such losses as are comprehended within it, and that all the ease with which rights can be adjusted in equity is intended to be given to the proceeding. It is the administration of equity in an admiralty court. * * * It looks to a complete and just disposition of a many-cornered controversy, and is applicable to proceedings in rem against the ship, as well as to proceedings in personam against the owner; the limitation extending to the owner's property as well as to his person. The City of Norwich, 118 U.S. 468, 503, 6 S.Ct. 1150, 30 L.Ed. 134."

In a later case, also from this circuit, Just v. Chambers, 312 U.S. 383, 668, 61 S.Ct. 687, 85 L.Ed. 903, the Supreme Court, quoting from and fully approving what was said in Hartford Accident &

Indemnity Co. of Hartford v. Southern Pacific Co. supra, again affirmed the sweeping character of the statutory remedy and concluded by saying:

"There is thus jurisdiction to fulfill the obligation to do equity to claimants by furnishing them a complete remedy although limitation is refused."

In a still later case, these views were reaffirmed and applied in the Supreme Court, in British Transport Commission v. United States, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234.

Such being the character and nature of the remedy sought in this proceeding, it has been and must be uniformly held that if there is jurisdiction in admiralty, that is, if the matters dealt with are of maritime nature and, therefore, of admiralty concern, the admiralty court may not, in a preliminary way and upon motion, determine the question of limitation.

It is, of course, true, as appellees belatedly suggest for the first time in this court, that *if the petition does not present matters of maritime concern*, matters in short within the admiralty jurisdiction, and the case is not one for a court of admiralty, it will be dismissed. This, however, is not because there is no right of limitation, but because there is no jurisdiction in admiralty. The very *paucity and inappositeness of citation in* support of that view—one case being put forward, American Car & Foundry Co. v. Brassert, 289 U.S. 261, 53 S.Ct. 618, 77 L.Ed. 1162, where such jurisdiction was found wanting, makes it crystal clear that appellees' position here is without substance. As clearly enough appears in the Supreme Court decision and as is more clearly shown in the opinion of the Court of Appeals, 7 Cir., 61 F.2d 162, the admitted facts there were that the petition was filed, not by the owner of the vessel but *by a ship manufacturer,*

who had made and sold it to Brassert, to obtain limitation of liability in respect of a claim that the vessel which had been manufactured by it for and sold to Brassert, the owner at the time of the explosion, had been defectively manufactured and, as a result thereof, had exploded while on a voyage on Lake Michigan. The Court finding: (1) that the facts pleaded were not sufficient for the purpose of the suit because at the time the boat was destroyed, the petitioner was not the owner of it; (2) that the statute limiting the liability of owners of vessels does not apply to manufacturers; and (3) that the vessel was not manned and operated by a master and crew of appellant; correctly held that, tested by the basic conceptions of jurisdiction in admiralty under the invoked statute, there was no such jurisdiction because there was no connection between the petitioner-manufacturer, and the vessel which was maritime in nature, and so holding, dismissed the suit as not within the invoked jurisdiction.

Here the facts, and, therefore, the law, are quite otherwise. The petitioner, as charterer of the vessel, was owner pro hac vice, its employees were on it, its personal liability for the acts of the vessel, limitation aside, was manifest, and the case was clearly one for admiralty jurisdiction. The granting of the petition to dismiss was error. This is not to say that respondents' claim on the merits that there was no limitation of liability has been in any way determined against it. It is to say, though, that the case is one for cognizance in admiralty and that all of respondents' rights are preserved to them in the court of admiralty to put forward and maintain there their claim as to the liability of the petitioners, and that it is not entitled to limitation.

The order appealed from is reversed and the cause is remanded for further and not inconsistent proceedings.