In the Matter of J. RAY McDERMOTT & COMPANY, Inc. Praying for Exoneration from or Limitation of Liability.

No. 3477.

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 11, 1962.

Faris, Leake & Emmett, Warren M. Faris, New Orleans, La., for J. Ray McDermott & Co., Inc.

Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, La., Claude E. Hall, Dallas, Tex., George H. Colin, New York City, and Leon Sarpy, New Orleans, La., for Hunt Oil Co. and Cities Service Oil Co., claimants.

AINSWORTH, District Judge.

Respondents, Hunt Oil Company and Cities Service Oil Company, have filed a motion for summary judgment under Admiralty Rule 58, 28 U.S.C.A. seeking dismissal of the exoneration or limitation proceedings brought herein under provisions of 46 U.S.C.A. §§ 183–189. Respondents employed petitioner by oral personal contract to perform certain piling work in and about its oil well situated in Six Mile Lake, Louisiana; during the course of the work a collision ensued between petitioner's barge and the oil well and respondents claimed damages and have so filed their claim herein in the sum of $653,117.61. The Fifth Circuit reversed prior granting of a motion to rescind restraining order in the limitation proceedings. (J. Ray McDermott & Co. v. Hunt Oil Co., 262 F.2d 127.)

We should proceed cautiously before granting a motion for summary judgment under the circumstances of this case. There should be no doubt that there is no genuine issue as to any material fact before granting the motion. However, from the affidavits, depositions and answers to interrogatories submitted both by petitioner for limitation and respondents, it is evident that there are genuine issues as to several material facts in the case. First, there is a sharp dispute between the parties about the effect of the collision between petitioner's barge and respondents' oil well, and as to the causal relationship between the collision and the subsequent blowout which substantially damaged the well; respondents state that the damage was caused by the collision, petitioner has filed an affidavit of a petroleum engineer that the collision in no way caused the blowout. Secondly, the extent of privity or knowledge of the owner of the barge to the collision which allegedly occasioned the damage is disputed by the parties.

These issues may be resolved only after a full trial on the merits of the entire controversy. There is no other way to determine them and the court is unable to resolve such a sharp conflict without hearing the witnesses and examining all of the evidence.

At the same time the court will consider and decide respondents' claim for

**316**

damages. The issue of exoneration or limitation will be determined as will the validity of respondents' claim. As the Fifth Circuit said in its prior ruling in this case (262 F.2d 127, 129):

"\* \* \* This is not to say that respondents' claim on the merits that there was no limitation of liability has been in any way determined against it. It is to say, though, that the case is one for cognizance in admiralty and that all of respondents' rights are preserved to them in the court of admiralty to put forward and maintain there their claim as to the liability of the petitioners, and that it is not entitled to limitation."

The motion for summary judgment is denied.